|  |  |
|---|---|
| MARLON PALMER,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN ZANONI,<br><br>        Defendant. | No. 1:23-cv-01004 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO KEEP COURT APPRISED OF CURRENT ADDRESS<br><br>(ECF No. 8)<br><br>PLAINTIFF'S SHOWING OF CAUSE, OR IN THE ALTERNATIVE:<br><br>(1) HIS FILING OF A NOTICE OF CURRENT ADDRESS WITH THE COURT, OR<br><br>(2) HIS VOLUNTARY DISMISSAL OF THIS MATTER DUE IN FOURTEEN DAYS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

     Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. As an alternative to filing the showing of cause, Plaintiff may either: (1) file a notice of change of address with the Court, or (2)

voluntarily dismiss this matter. Plaintiff will be given fourteen days to take one of these three courses of action.

## I. RELEVANT FACTS

### A. Initial Orders Returned to Court; Changes of Address Filed by Plaintiff

On July 5, 2023, Plaintiff's complaint and his application to proceed in forma paupers were docketed. ECF Nos 1, 2. The same day, the Court sent Plaintiff the standard prisoner new case documents and its order regarding consent. See ECF No. 3. On July 6, 2023, Plaintiff's application to proceed in forma pauperis was granted. ECF No. 4.

On July 18, 2023, Plaintiff's address was updated on the docket by the Clerk of Court as Plaintiff had filed an address update in Zanoni I. See ECF No. 5 (stating same). On the same day however, the Court's order that granted Plaintiff in forma pauperis status was returned to it marked "Undeliverable, Not in Custody." See 7/18/23 "Mail Returned" docket entry. Thereafter, on July 24, 2023, the prisoner new case documents that the Court had sent Plaintiff were also returned to the Court marked, "Undeliverable." See 7/24/23 "Mail Returned" docket entry. The same day, the Clerk of Court re-served the prisoner new case documents on Plaintiff. See 7/24/23 docket entry.

On July 26, 2023, Plaintiff's consent / decline form was docketed. ECF No. 6. Approximately two months later, on October 5, 2023, once again, the Clerk of Court changed Plaintiff's address on the docket as Plaintiff had filed a change of address in Zanoni I. See ECF No. 7 (Docket Annotation stating same).

### B. Order Directing Plaintiff to File Notice of Current Address

On March 12, 2025, because a significant amount of time had passed since Plaintiff had filed the complaint, the Court ordered Plaintiff to file a notice of current address with the Court. ECF No. 8. Plaintiff was given seven days to do so. Id. On April 2, 2025, the Court's order that had directed Plaintiff to file a notice of current address was returned to it marked "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward, Sort in Manual Only no Automation." See 4/2/25 "Mail Returned" docket entry.

II.  DISCUSSION

Since the Court's order that directed Plaintiff to file a notice of current address was returned to it on April 2, 2025, more than thirty days have passed[1] and Plaintiff has not responded to the Court's order, nor has he filed a request for an extension of time to do so.

These facts on their face would warrant a recommendation that this matter be dismissed. However, given that a search for Plaintiff on CDCR's website indicates that Plaintiff is still incarcerated at Salinas Valley State Prison,[2] and that this prison's address is the last one that Plaintiff provided to the Court back in October of 2023 (see ECF No. 7) (docket annotation), out of an abundance of caution, prior to recommending that this matter be dismissed, Plaintiff will be ordered to show cause why it should not be. As alternatives to filing the showing of cause, Plaintiff may either: (1) file an updated notice of current address with the Court, or (2) voluntarily dismiss this matter, consistent with Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff will be given fourteen days to take one of these three courses of action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is ordered to SHOW CAUSE why this matter should not be DISMISSED for failure to obey a court order and failure to keep Court apprised of his current address;

2. As an ALTERNATIVE to filing the showing of cause, Plaintiff may either:

　　a.  FILE a notice of current address with the Court, or

　　b.  VOLUNTARILY DISMISS this matter, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and

3. Plaintiff shall have fourteen days to take either course of action.

IT IS SO ORDERED.

Dated:  **June 4, 2025**　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days. See Local Rule 183(b).

[2] See https://ciris.mt.cdcr.ca.gov/search (click on "CDCR Number," then enter "BA5878," which is Plaintiff's CDCR Inmate ID Number) (last visited 6/2/25).

3