UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON PALMER,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN ZANONI,<br><br>        Defendant. | No.  1:23-cv-01004 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS AND FOR FAILURE TO PROSECUTE<br><br>(See ECF Nos. 8, 9)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      For the reasons stated below, the undersigned will recommend that this matter be dismissed due to Plaintiff's failure to obey court orders and for failure to prosecute.  Plaintiff will have fourteen days to file objections to this order.

I.    RELEVANT FACTS

      On July 5, 2023, Plaintiff's complaint and his application to proceed in forma pauperis were docketed in this Court.  ECF Nos. 1, 2.  Shortly thereafter, on July 6, 2023, Plaintiff's

1

1   application to proceed in forma pauperis was granted.  ECF No. 4.  On October 4, 2023,

2   Plaintiff's address was updated on the docket based on a change of address form that Plaintiff had

3   filed in a different matter he has in this Court.  See ECF No. 7.  The new address informed the

4   Court that Plaintiff was incarcerated at Salinas Valley State Prison ("SVSP").

### A. Plaintiff Ordered to File Notice of Current Address

On March 12, 2025, because a significant amount of time had passed since Plaintiff had filed his case in this Court, prior to screening Plaintiff's complaint, the Court ordered him to file a notice of curent address and to do so within seven days.  ECF No. 8.  On April 2, 2025, the Court's order was returned to it marked "Undeliverable, Return to Sender, Not Deliverable as Addressed; Unable to Forward."  See 4/2/25 docket entry.  At that point, Plaintiff had thirty days to file a notice of change of address with the Court.  See Local Rule 183(b).

### B. Plaintiff Ordered to File Showing of Cause

Plaintiff failed to file a notice of current address with the Court within the thirty-day period.  As a result, on June 5, 2025, the Court issued an order directing Plaintiff to show cause why this matter should not be dismissed for failure to obey a court order and for failure to keep the Court apprised of his current address.  ECF No. 9.  As an alternative to filing the showing of cause, Plaintiff was given the opportunity either to file a notice of current address with the Court or to voluntarily dismiss the case.  Id. at 3.  The order was sent to the new address that Plaintiff had placed on file.  See 6/5/25 NEF (indicating order sent to SVSP address).  Plaintiff was given fourteen days to take either course of action.  Id.

To date, Plaintiff has not responded to either of the Court's orders, nor has he requested extensions of time to do so.  Plaintiff has not responded to the Court's orders in any way.  In addition, the Court notes for the record that its order that directed Plaintiff to file a showing of cause has not been returned to it marked "undeliverable," either.

## II.     APPLICABLE LAW

### A. Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110

1 also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.
2 110.
3       Local Rule 182(f) permits service to be effective service at a prior address if a party fails
4 to notify the Court and other parties of his address change.  Id.  Finally, Local Rule 183(b) gives a
5 party who appears in propria persona a period of time to file a notice of change of address if some
6 of his mail is returned to the Court.  Id.
7       B.  Malone Factors
8 The Ninth Circuit has clearly identified the factors to consider when dismissing a case for
9 failure to comply with a court order.  It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

      III.  DISCUSSION

          A.  Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This Case

Although the docket indicates that:  (1) Plaintiff's copy of the minute order directing him to file a notice of current address to the Court was returned to it marked "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward," Plaintiff was properly served.  It is a plaintiff's responsibility to keep a court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. Furthermore, given that the second order issued which directed Plaintiff to show cause why this matter should not be dismissed was not returned to the Court, yet to date, Plaintiff has filed no response to it,[1] these facts, in total, support a finding that Plaintiff has likely abandoned this case.

---

[1] A search for Plaintiff by his prison identification number, BA5878, on the California

1  This warrants its dismissal in accord with Rule 41(b) and Local Rules 110, 182(f), and 183(b).

### B. Application of Malone Factors Supports the Dismissal of This Case

#### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given sufficient time to file a notice of change of address as well as to respond to the Court's order that ordered him to show cause why this matter should not be dismissed. Despite this fact, he has failed to do either, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[2]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted either to verify his current address or to file a response to the Court's order to show cause, is not a good use of its already taxed resources. Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case. Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

#### 2. Risk of Prejudice to Defendants

Furthermore, because the Defendants against whom Plaintiff has stated viable claims have yet to be served in this case, no one has put time and effort into defending against it. As a result, there will be no prejudice to anyone other than Plaintiff if the matter is dismissed. On the

---

Department of Corrections and Rehabilitation website indicates that he is still incarcerated at SVSP. See https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=BA5878 (last visited 7/23/25). Therefore, the Court presumes that Plaintiff received its order to show cause. See Rosenthal v. Walker, 111 U.S. 185, 193 (1884) (stating letter shown to have been properly delivered to postman is presumed to have reached its destination and to have been received by addressee); Busquets-Ivars v. Ashcroft, 333 F.3d 1008, 1010 (9th Cir. 2003) (citing Rosenthal).

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

4

1 contrary, dismissal will benefit those Defendants because they will not have to defend themselves
2 against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has had sufficient time to respond to the Court's order to show cause, there is no less drastic option than dismissal. Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without participation by Plaintiff, nor can it be disposed of on its merits.

## IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey court orders and for failure to prosecute. See id. Plaintiff will have fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for failure to prosecute and for failure to obey court orders. See Fed. R. Civ. P. 41(b) and Local Rules 110, 182(f) and 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file

objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 23, 2025**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE